NEW. ABERDEEN EQUITY EXCHANGE, Appellant, v. HELLER, Respondent.

(237 N. W. 777.)

(File No. 6952. Opinion filed July 27, 1931.)

*Corrigan & Walton,* of Aberdeen, for Appellant.
*Ezra L. Baker,* of Aberdeen, for Respondent.

RUDOLPH, J. This action is brought to recover the value of certain barley sold by the plaintiff to the defendant. The defendant admitted the liability for the barley and by way of counterclaim alleged that he did, on the 13th day of January, 1920, deliver to the plaintiff certain wheat, and received from the plaintiff a memorandum showing the receipt thereof. That during the latter part of May, 1927, the defendant presented his receipt to the plaintiff and requested the plaintiff to sell the wheat at the then market price, and to pay to the defendant the difference between the purchase price of the wheat and the amount owing by the defendant for the barley, and that plaintiff refused. The plaintiff is a licensed wearehouse under the provisions of our warehouse law. The case was tried to a jury, and the jury returned a verdict for the defendant on his counterclaim. This is an appeal from the judgment based upon the verdict and the order denying the motion for a new trial.

The assignment of error raises the sufficiency of the evidence to justify the judgment. The appellant contends that where grain is deposited in an elevator licensed to do business under our warehouse law, being sections 9745 to 9767, Rev. Code 1919, inclusive, that there is no obligation upon the warehouseman to purchase the grain thus deposited, and for that reason the evidence was insufficient to show any sum or amount owing by the plaintiff to the defendant.

It will be noted, in the first instance, that no formal warehouse receipt was issued by the plaintiff, covering the wheat deposited by the defendant, but there was issued simply a memorandum or weight ticket, which ticket showed only the net number of bushels delivered to the elevator. The first question presented is whether the provisions of the warehouse law apply. Section 9749, Rev. Code 1919 (as amended by Laws 1925, c. 299, § 2), provides as follows: "Whenever any lessee, owner, or manager of any

public warehouse, as in this act defined, located in this state shall receive grain into such warehouse and the same is not purchased and paid for by the lessee, owner or manager of such warehouse within two days from and after the time such grain has been weighed in and delivered to such warehouse, such grain shall constitute stored grain."

██ The facts in this case disclose that the wheat was deposited in the elevator in January, 1920; no demand of any kind was made upon the elevator, and no mention was ever made of the wheat again, until during the month of May, 1927, almost seven and one-half years after the wheat was placed in the elevator. We are of the opinion that the transaction was one of storage within the meaning of our warehouse laws. The statute section 9749 is controlling. The wheat not being purchased and paid for by the elevator, and the elevator being a public warehouse, such wheat was stored wheat within the meaning of the statute, and the rights of the parties thereto are controlled by the provisions of the public warehouse law. The defendant under the provisions of section 9753 could have demanded a receipt for the wheat he had deposited at any time after the date the wheat was placed in the elevator, and the receipt under the provisions of said section 9753 would bear a date corresponding with the date of the receipt of the wheat by the elevator.

█ The public warehouse statutes do not obligate the warehouseman to purchase the grain deposited thereunder. The provisions of the statute with regard to the obligation or duty of the warehouseman are explicit. Section 9754 (Rev Code 1919) provides: "On the return of any warehouse receipt properly indorsed and the tender of all proper charges upon the property represented by it, such grain, or any equal quantity of the same grade and kind, shall be immediately delivered to the holder of such receipt as rapidly as due diligence, care and prudence will justify." It is apparent from the reading of the statute that there is no obligation placed upon the warehouse to purchase any grain deposited with it under the provisions of this law. In the recent case of Dahl v. Winter-Truesdell-Diercks Co., 237 N. W. 202, the Supreme Court of North Dakota held that the elevator was under no obligation to purchase grain deposited under the provisions of the public warehouse law. This court in the case of National Bank

of Wheaton v. Elkins, 37 S. D. 479, 159 N. W. 60, 62, said: "It is undoubtedly true that under the provisions of the warehouse law (Pol. Code, § 488), where warehouse receipts are given for stored grain, the holder of the receipts may not require the restoration of the identical grain, but only grain of the same amount, kind, and quality." In the case of State v. Farmers' Elevator Co., 59 N. D. 679, 231 N. W. 725, 727, the North Dakota court said, speaking of storage tickets issued under the provisions of the North Dakota Warehouse law: "Under the terms of the storage contract, the plaintiff is not required to sell nor was the defendant elevator company required to buy." See also Dammann v. Schibsby Implement Co., 30 N. D. 15, 151 N. W. 985.

There being no obligation on the part of the warehouse to purchase the wheat deposited with it by the defendant in 1920, it follows that the plaintiff, under the facts here presented, was in no manner indebted to the defendant, and the evidence for this reason is insufficient to justify the judgment.

■ There was no allegation in the complaint, and there was no proof, to the effect that the defendant, at any time, tendered all proper charges to the plaintiff as required by section 9754. This court has just held, in the case of Utne v. McCabe Bros. Co., 58 S. D. 535, 237 N. W. 775, that the tender of all proper charges as required by said section 9754 is a condition precedent to any right of action against a warehouse to recover grain deposited with it. For this further reason the evidence is insufficient to justify the judgment.

It is our opinion that if the case is retried, the question regarding the statute of limitations will, to a great extent, be obviated, because of what has been stated in this opinion, and we therefore refrain from discussing this question.

The judgment and order appealed from are reversed.

POLLEY, P. J., and CAMPBELL and WARREN, JJ., concur.

MISER, C., sitting in lieu of ROBERTS, J., disqualified, concurs.