UTNE, Respondent, v. McCABE BROS. CO., Appellant.

(237 N. W. 775.)

(File No. 7106.  Opinion filed July 27, 1931.)

Corrigan & Walton, of Aberdeen, for Appellant.

L. W. Bicknell, of Webster, for Respondent.

RUDOLPH, J.   Defendant appeals from an order overruling its demurrer to the complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action.   The complaint alleges in substance that on September 22, 1924, plaintiff delivered to the Berkner Grain Company, a public warehouse in Ortley, S. D., a quantity of wheat and rye, and received therefor a storage ticket.   That on January 14, 1927, while the storage contract was still in force, the Berkner Grain Company by a contract and arrangement with defendant turned over its warehouse and the contents thereof to defendant; that defendant thereafter shipped all the grain in the warehouse or elevator to Minneapolis and disposed of the same, and that plaintiff's said storage tickets were then outstanding; that at the time defendant took over the warehouse and contents of the Berkner Grain Company it agreed to meet the demands of all outstanding storage tickets issued by Berkner Grain Company; that demand has been made of defendant by plaintiff for the stored grain represented by said storage tickets or for the value thereof, but defendant has failed to pay the same or any part thereof; that the value of the grain at the time same was taken over by defendant was $718.30; and that the

Berkner Grain Company on January 31, 1927, attempted to sell the grain and compute the storage thereof, and plaintiff forwarded to defendant a sight draft for the net amount, which defendant thereupon refused to pay.

The question raised by the demurrer is whether the complaint, to state a cause of action, must affirmatively show an offer to return the warehouse receipts and a tender of all proper charges as provided in section 9754, Rev. Code 1919. Section 9754, Rev. Code 1919, provides that: "On the return of any warehouse receipt properly indorsed and the tender of all proper charges upon the property represented by it, such grain, or an equal quantity of the same grade and kind, shall be immediately delivered to the holder of such receipt as rapidly as due diligence, care and prudence will justify." The Legislature of 1925 added an amendment to the above-quoted section 9754, which amendment is as follows: "That the deposit of such receipts together with all storage charges upon the grain represented thereby, with any bank located in the city or town where such elevator is located, or any other bank agreed upon by the parties, shall, after notice to such warehouseman, constitute and be deemed a sufficient compliance with this section relating to return of storage receipts and tender of storage charges." Laws 1925, c. 299, § 7.

Plaintiff's complaint does not allege any return of the warehouse receipt, nor does it allege the tender of all proper charges upon the property as required by this statute. Plaintiff contends that the allegation in paragraph 8 of the complaint is a sufficient allegation of these facts. Paragraph 8 is as follows: "That the Berkner Grain Company on the 31st day of January, 1927, recognizing that said grain was stored and in its possession and belonging to the plaintiff, and that the storage arrangement had not been terminated prior thereto, attempted to sell said grain and to compute the storage charges thereon, and this plaintiff forwarded to the defendant a sight draft for the net amount due, which the defendant thereupon refused to pay." With this we cannot agree.

■ This action is something more than an ordinary action in conversion. When grain is delivered to a warehouse and a receipt is taken therefor, the rights of the parties are governed by special statutory enactments. Rev. Code 1919, §§ 9754 to 9767, inclusive. The rights of the owner of storage receipts are

controlled by these statutes. The statute, section 9754, requires something more than a mere demand; it requires the return of the receipt and the tender of all proper charges.

This court has just held, in the case of South Dakota Wheat Growers' Ass'n v. Farmers' Grain Co., of Firesteel, 58 S. D. 480, 237 N. W. 723, that it is the failure of the warehouseman to comply with his statutory duty that constitutes the wrong; that there is no wrong on behalf of the warehouseman until there is a failure to redeliver grain of like kind, grade, and quality upon proper demand, tender, and offer, as required by statute. The return of the warehouse receipts and the tender of all proper charges, as required by section 9754, are therefore conditions precedent to any right of recovery.

In the ordinary action for conversion, a demand for personal property and a refusal to comply with it merely evidence the fact of conversion. It is the fact of conversion that is the basis of the cause of action. If a conversion is otherwise shown, demand and refusal are not essential. In this action, however, it is the fact of the failure of the warehouseman to comply with his statutory duty that is the basis of the cause of action. The statute imposes no duty upon the warehouseman to redeliver until a demand, tender, and offer has been made as required in section 9754; it follows that no cause of action arises until the ticket holder complies with this statute.

The complaint not alleging any offer to return the warehouse receipts and the tender of all proper charges, the demurrer should have been sustained. The order appealed from is reversed.

POLLEY, P. J., and CAMPBELL and WARREN, JJ., concur.

MISER, C., sitting in lieu of ROBERTS, J., disqualified, concurs.